

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN


GROVER SELLERS

ATTORNEY GENERAL

Honorable Arnold Smith
County Attorney
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. 0-5791
Re: Whether a District Clerk
may continue to hold office
with a deputy to perform
his duties after he has en-
tered the military service,
and related questions.

In your letter of March 27, 1944, addressed to the
Attorney General, you submit the following questions for an
opinion from this office:

"1.  May a District Clerk continue to hold
his office and allow a Deputy to perform his
duties after he has entered the Military Service?

"2.  If the foregoing question is answered
in the affirmative, is the District Clerk legally
entitled to his salary to be paid out of the of-
ficer's salary fund?

"3.  Would it make any difference in regard
to holding his position whether the District
Clerk volunteered or was drafted into the Military
Service?

"4.  Can the District Clerk place his name
upon the ballot for election even though he is in
Military Service and if so, is it necessary that
he be present in January of next year to take the
oath of office?"

Honorable Arnold Smith, Page 2


Article 1894, Vernon's Annotated Civil Statutes, provides for the election at each general election of a Clerk of the District Court of each county for a term of two years.

Article 1895, Revised Civil Statutes, provides:

"Whenever a vacancy occurs in the office of district clerk, it shall be filled by the district judge of such county; and such appointee shall give bond and qualify and may hold his office until the next general election. Where a vacancy occurs in a county having two or more district courts, the vacancy shall be filled by the judges of such courts; and if they fail to agree, the Governor, upon the certificate of such judges, shall order a special election to fill such vacancy."

Article 1698, Vernon's Annotated Civil Statutes, reads:

"The district clerk may, in writing, under his hand and the seal of his court, appoint one or more deputies. The appointment shall be recorded in the office of the county clerk. Such deputies shall take the official oath, and shall act in the name of their principal, and may do and perform all such official acts as may be lawfully done and performed by such clerk in person. If the clerk does not reside at the county seat he shall have a deputy residing there."

The authorities cited in our opinion O-3448, a copy of which is hereto attached, would appear to control the question of vacancy and is applicable to the district clerk of your county. Until a vacancy is established, both the district clerk and his chief deputy are entitled to their salary. We also enclose copies of opinions O-3080 and O-4465. The latter holds that a county attorney who voluntarily joined the Intelligence Corps of the United States Army was not prohibited from drawing his salary so long as there is no vacancy in the office. In opinion O-3080, this department ruled

Honorable Arnold Smith, Page 3

that an induction in the United States Army as a draftee does not create a vacancy. The foregoing opinions are applicable to the Office of District Clerk.

In answer to your questions 1, 2, and 3, it is the opinion of this department that no vacancy is created where a district clerk, without resigning, volunteers or is drafted into the military service of the United States, nor is he prohibited from drawing his salary from the Officer's Salary Fund. A deputy appointed and qualified under Articles 1890 and 3902, Vernon's Annotated Civil Statutes, may perform the duties of that office.

Relative to your fourth question, same apparently contemplates military service without the State. In our opinion O-4591, also enclosed, this department held that a county attorney who became an officer in the United States Naval Reserve was not prohibited from placing his name on the ballot for reelection nor from taking the oath of office.

Article 1897, Revised Civil Statutes provides:

"Each district clerk, before entering upon his official duties, shall give bond, to be approved by the Commissioners court of the county, payable to the Governor, in the sum of five thousand dollars, conditioned for the faithful discharge of the duties of his office, and shall also take and subscribe the official oath which shall be indorsed upon the bond. Such bond and oath shall be filed and recorded in the office of the county clerk."

Article 16 of said statutes, provides:

"Each officer in this State, whether elected or appointed shall, before entering upon the duties of his office, take and subscribe the oath prescribed by Article 16, Section 1, of the Constitution of this State; and if he shall be required by law to give an official bond, said oath shall be filed with said bond."

Honorable Arnold Smith, Page 4

Article 26 of said statutes, provides:

"All oaths, . . . . . may be administered and a certificate of the fact given:

"1. . . . .

"2. If without this State and within the United States, before any clerk of a court of record having a seal, any notary public or any commissioner of deeds duly appointed under the law of this State residing within some other State or territory.

"3. If without the United States, before any notary public, or any minister, commissioner or charge d'affaires of the United States, resident in and accredited to the country where the affidavit may be taken, or any consul general, consul, vice-consul, commercial agent, vice-commercial agent, deputy consul, or consular agent of the United States, resident in such country.

"4. Any member of any board or commission created by the laws of this State, in matters pertaining to the duties thereof, may administer oaths or affirmations."

Answering your fourth question, it is the opinion of this department that such district clerk so qualified and situated as in our answer to the first three questions submitted, may cause his name to be placed on the ballot for re-election and if elected may take the oath without the State before any authorized person named in Article 26, Revised Civil Statutes of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WJRK:ff
Encl.